UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| SETH SNOOK, together with his marital community, | ) | Case No.: |
| | ) | |
| Plaintiff, | ) | **COMPLAINT** |
| | ) | |
| vs. | ) | |
| | ) | |
| WHATCOM HUMANE SOCIETY, a non-profit organization; LAURA A. CLARK, together her marital community, WHATCOM COUNTY, WASHINGTON, a government entity; REBECCA CROWLEY. | ) | **DEMAND FOR JURY TRIAL** |
| | ) | |
| Defendants. | ) | |

## JURISDICTION

1. This Court has jurisdiction under 28 U.S.C. 1331. Federal question jurisdiction arises pursuant to 42 U.S.C. 1983.

## VENUE

2. Venue is proper pursuant to 28 U.S.C. 1391. All events or omissions giving rise to these claims occurred in the Western District of Washington.

## PARTIES

3. Plaintiff Seth Snook is a married individual residing in Whatcom County, Washington.

4. Defendant Whatcom Humane Society is contracted by Whatcom County to handle animal control for Whatcom County and is located at 2172 Division Street, Bellingham, WA 98226.

Butler Beschen Law PLLC
103 E. Holly Street, Suite 512
Bellingham, WA 98225

5.    Defendant Laura Clark is currently employed as the Director of the Whatcom Humane Society.

6.    Defendant Rebecca Crowley is currently employed at Whatcom Humane Society.

7.    Defendant Whatcom County is a government entity in the State of Washington.

**FACTS**

8.    Seth Snook is a third-generation dairy farmer in Whatcom County, in the State of Washington. He operates his farm for profit utilizing the dairy cows.

9.    Mr. Snook had valuable cows at his farm including show cows, cows used for dairy, as well as his daughters 4H cows and cows.

10.   The Whatcom Humane Society's current director is Laura Clark. Ms. Clark has been the director since 2009. Ms. Clark does not have training or education in animal control. At no time has the County provided with her training on the duties or responsibilities of animal control officers, nor has she received any legal training to ensure that her organization stays compliant with the law.

11.   The Whatcom Humane Society receives $773,057.44 every other year from Whatcom County in exchange for performance of animal control duties in unincorporated areas of Whatcom pursuant to a contract signed on December 19, 2016. Pursuant to this contract Defendant Whatcom County's Sherriff's Office, Prosecuting Attorney and County Executive have administrative authority to establish policies and procedures pertaining to (1) training of animal control officers regarding proper conduct and enforcement actions, (2) setting guidelines regarding legal and enforcement issues and (3) standards for the limited deputization of Whatcom Humane Society personnel.

12.   Whatcom Humane Society employees acted without limited commissions from Whatcom County Sherriff's Office and without authorization from Whatcom County Superior Court to act as animal control officers during April, May and June of 2017.

13.   Whatcom County either knew, or should have known that Whatcom Humane Society has been obtaining and executing warrants and seizing citizen's property without lawful authority to do so. At no time has Whatcom County provided training or education, or created policies or procedures for Whatcom Humane Society personnel regarding proper conduct or legal issues in execution of search warrants or seizure of evidence.

14.   On March 29, 2017 a Farm Service Administration employee who handles Mr. Snook's loan went to Mr. Snook's farm to do an inspection. After his inspection,

he contacted Whatcom Humane Society to notify them of unburied cows on Plaintiff's property. He thought the cows looked underweight, but noted that it is very difficult to assess dairy cows. He took photographs. The photographs show the cows eating.

15. During April and June of 2017 Whatcom Humane Society employees went onto Mr. Snook's property without consent to investigate purported violations of RCW 16.52. Whatcom County was put on notice of this and took no corrective actions.

16. During April and June of 2017 a Whatcom Humane Society employee and Whatcom County Prosecutor's Office obtain two separate warrants to remove property from Plaintiff's farm. The warrant was directed only to peace officers and provides no authority to Whatcom Humane Society for seizure of property. Following the warrants, Whatcom Humane Society employees enter Mr. Snook's property without consent and remove Plaintiff's property without lawful authority to do so. Whatcom County was put on notice of this and took no corrective actions.

17. During May of 2017 without consulting a veterinarian, Laura Clark made a plan to kill Mr. Snook's cows. There was no injury or medical necessity to justify killing these cows. Laura Clark made the plan in part for financial reasons citing the financial strain placed on the Whatcom Humane Society referencing the fact that her organization did not receive reimbursement or funds from Whatcom County to provide for the cows. The facility where the cows were being boarded refused to allow the killings Ms. Clark had directed to take place on their property, so the cows were transported back to the Whatcom Humane Society's farm.

18. On May 9, 2017 Mr. Snook's counsel properly filed a petition for the return of all of his cows. A hearing was set by the court to be held on May 19, 2017.

19. On May 9, 2017 Whatcom Humane Society Director, Laura Clark brought a veterinarian to the Whatcom Humane Society farm on Telegraph Road to have ten of Mr. Snook's cows shot in the head. Two of Mr. Snook's cows, a baby and mom, were shot together in the barn and the remaining eight cows were shot outside. All of their bodies were destroyed. Tarps were placed on the fences to hide what was taking place from the public. After the killing was done, Defendant Laura Clark gave the participating employees ice cream. At no time was Mr. Snook consulted with prior to these killings.

20. On May 19, 2017 the hearing for return of Mr. Snook's cows was held before Commissioner Anthony Parise. Whatcom County prosecutor George Roche represented Whatcom Humane Society and took the position that all seized cows were evidence in the criminal case and so the action needed to be joined

Butler Beschen Law PLLC
103 E. Holly Street, Suite 512
Bellingham, WA 98225

with the criminal case. Mr. Snook agreed to the joinder of his petition with the Superior Court case.

21.  On May 12, 2017 Defendant Laura Clark told a news reporter for the Bellingham Herald that the "majority of 24 cows seized had to be euthanized due to their poor physical and medical conditions." Ms. Clark implied that Mr. Snook had starved them into a state of needing euthanization. This statement and other false statements were published in the Bellingham Herald newspaper, as well as other news sources in the following months. Ms. Clark knew or should have known this to be a false statement as she herself had directed the killings of cows that did not require euthanization. This statement caused injury to Plaintiff's reputation in the community which continued as additional articles were published in newspapers with false information through July 30, 2017.

22.  In June 2017 Defendant Laura Clark and others employed by Whatcom Humane Society went to Mr. Snook's property and began digging up the property and removing items from the property. They entered buildings and took photos and videos. During this time no persons employed by Whatcom Humane Society had authorization to execute a warrant or seize items from Mr. Snook.

## CLAIM I
### (Violation of Civil Rights: Unlawful Forfeiture of Property)

23.  Plaintiff restates and re-alleges the allegations set forth in paragraphs 1-22 above as if fully set forth herein.

24.  By doing the acts described above, Defendants caused and/or permitted the violation of Plaintiff's right to Due Process guaranteed by the Fourteenth Amendment, thereby entitling Plaintiff to recover damages pursuant to 42 U.S.C. 1983.

## CLAIM II
### (Violation of Civil Rights: Unlawful Seizure of Property)

25.  Plaintiff restates and re-alleges the allegations set forth in paragraphs 1-22 above as if fully set forth herein.

26.  By doing the acts described above, Defendants caused and/or permitted the violation of Plaintiff's right against unlawful seizures of property guaranteed by the Fourth Amendment, thereby entitling Plaintiff to recover damages pursuant to 42 U.S.C. 1983.

Butler Beschen Law PLLC
103 E. Holly Street, Suite 512
Bellingham, WA 98225

## CLAIM III
### (Theft of Livestock - RCW 4.24.320)

27. Plaintiff restates and re-alleges the allegations set forth in paragraphs 1-22 above as if fully set forth herein.

28. By doing the acts above, Defendants intentionally deprived Plaintiff of his cows by transporting, concealing, withholding or slaughtering his cows, without consent, in violation of RCW 9A.56.080 and RCW 4.24.320.

## CLAIM IV
### (Conversion of Livestock)

29. Plaintiff restates and re-alleges the allegations set forth in paragraphs 1-22 above as if fully set forth herein.

30. By doing the acts above, Defendants interfered with Plaintiff's right to possession and that interference was substantial.

## CLAIM V
### (Trespass to Chattel)

31. Plaintiff restates and re-alleges the allegations set forth in paragraphs 1-22 above as if fully set forth herein.

32. By doing the acts above, with regards to the six living cows, Defendants interfered with Plaintiff's right to possession of his cows.

## CLAIM VI
### (Interference with a Business Expectancy)

33. Plaintiff restates and re-alleges the allegations set forth in paragraphs 1-22 above as if fully set forth herein.

34. By doing the acts above, Defendants knew of Plaintiff's valid business expectancy and intended to damage it by removing his cows, which caused plaintiff to suffer damages.

## CLAIM VII
### (Defamation)

35. Plaintiff restates and re-alleges the allegations set forth in paragraphs 1-22 above as if fully set forth herein.

Butler Beschen Law PLLC
103 E. Holly Street, Suite 512
Bellingham, WA 98225

36. By doing the acts described above in paragraph 24, Defendant Laura Clark and Whatcom Humane Society made a false statement of fact, of or concerning the Plaintiff, which was published to 3rd persons, and caused a reputational injury to the Plaintiff.

### CLAIM VIII
(Negligence – Failure to Keep Animals Alive)

37. Plaintiff restates and re-alleges the allegations set forth in paragraphs 1-22 above as if fully set forth herein.

38. By doing the acts described above, under any duty arising as bailees, trustees, and as agents of the State, Defendants breached their duty to keep Mr. Snook's cows alive and further, Defendants breached their duty to properly preserve evidence, which caused damage to Plaintiff.

### CLAIM IX
(Intentional Infliction of Emotional Distress - Outrage)

39. Plaintiff restates and re-alleges the allegations set forth in paragraphs 1-22 above as if fully set forth herein.

40. By doing the acts described above, Defendant committed extreme and outrageous conduct, which was done intentionally or with reckless disregard as to the consequences, and caused Plaintiff severe emotional distress, and actual damages.

### CLAIM X
(Intentional Interference with a Business Expectancy)

41. Plaintiff restates and re-alleges the allegations set forth in paragraphs 1-22 above as if fully set forth herein.

42. By doing the acts described above, Defendant prohibited Plaintiff from earning a profit in his dairy operation business.

### CLAIM XI
(Intentional Infliction of Emotional Distress)

43. Plaintiff restates and re-alleges the allegations set forth in paragraphs 1-22 above as if fully set forth herein.

44. By doing the acts described above, Defendant caused permanent emotional damage by destroying cows that were considered to be family pets.

COMPLAINT - 6

## CLAIM XII
### (Negligent Interference with Business Relations)

45. Plaintiff restates and re-alleges the allegations set forth in paragraphs 1-22 above as if fully set forth herein.

46. By doing the acts above, Defendant's negligence damaged the business relationship and ongoing sales between Plaintiff and others, causing economic harm to Plaintiff.

## CLAIM XIII
### (Trespass to Land)

47. Plaintiff restates and re-alleges the allegations set forth in paragraphs 1-22 above as if fully set forth herein.

48. By doing the acts above, Defendants intended to and actually physically invaded Plaintiff's real property, interfering with Plaintiff's exclusive control of the land.

## CLAIM XIV
### (Invasion of Right to Privacy)

49. Plaintiff restates and re-alleges the allegations set forth in paragraphs 1-22 above as if fully set forth herein.

50. By doing the acts above, Defendants acted in ways that would be objectionable to a reasonable person by: appropriating the Plaintiff's name to advance their own interests, intruded upon the Plaintiff's affairs, published facts about the Plaintiff in a false light, and made public disclosures about private facts about the Plaintiff.

## CLAIM XV
### (Negligent Training)

51. Plaintiff restates and re-alleges the allegations set forth in paragraphs 1-22 above as if fully set forth herein.

52. By doing the acts above, Defendants failed to provide proper training and/or protocols on handling of animals, and breach of that duty caused the death of Mr. Snook's cows.

Butler Beschen Law PLLC
103 E. Holly Street, Suite 512
Bellingham, WA 98225

### CLAIM XVI
(Negligent Supervision)

53. Plaintiff restates and re-alleges the allegations set forth in paragraphs 1-22 above as if fully set forth herein.

54. By doing the acts above, Defendants failed to supervise Whatcom Humane Society Personnel, and breach of that duty caused Mr. Snook to be denied his right to possession of his cows.

### CLAIM XVII
(Statutory Waste – RCW 4.24.630)

55. Plaintiff restates and re-alleges the allegations set forth in paragraphs 1-22 above as if fully set forth herein.

56. By doing the acts above, Defendants went onto the land of another and wrongfully removed valuable property from the land, and injured personal property, to wit cows as described on that land by intentionally and unreasonably committing the acts described above while knowing, or having reason to know, that each lacked authorization to so act.

### CLAIM XVIII
(Private Nuisance – RCW 7.48.150)

57. Plaintiff restates and re-alleges the allegations set forth in paragraphs 1-22 above as if fully set forth herein.

58. By doing the acts above, Defendants are liable to Plaintiffs for general damages sustained by virtue of their acts, which annoyed, injured, and endangered the comfort, repose, and safety of plaintiffs, rendering them insecure in their beings and essentially interfering in comfortable enjoyment of their real property and sentient property, to wit, the cows as described.

### CLAIM XIX
(Violation of Washington State Constitution Article 1, Section 7)

59. Plaintiff restates and re-alleges the allegations set forth in paragraphs 1-22 above as if fully set forth herein.

60. By doing the acts above, with regards to the intrusions onto Plaintiff's property, Defendants disturbed Plaintiff's private affairs and intruded upon Plaintiff's home without lawful authority in violation of the Washington State Constitution.

Butler Beschen Law PLLC
103 E. Holly Street, Suite 512
Bellingham, WA 98225

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff requests this Court enter an order granting him the following relief:

a.  For general damages in an amount to be proven at trial;

b.  Up to three times the actual damages resulting from loss of livestock;

c.  Lost earnings and lost future earnings;

d.  Reputation damages;

e.  Emotional distress damages;

f.  Punitive damages under 42 U.S.C. sec. 1988;

g.  Prejudgment interest;

h.  Special legal damages related to the retaining of criminal defense attorneys and experts;

i.  For attorney's fees;

j.  For costs of the suit incurred herein;

k.  For such other and further relief, at law or in equity, to which Plaintiff   may be justly entitled.


## DEMAND FOR JURY TRIAL

Plaintiff hereby requests a jury trial on all issues raised in this complaint.


DATED this 28th day of February, 2018.


/s/ Emily C. Beschen_____          /s/ Rajeev Majumdar_____

Emily C. Beschen, WSBA#43813          Rajeev Majumdar, WSBA#39753

Attorney for Plaintiff          Attorney for Plaintiff


COMPLAINT - 9          Butler Beschen Law PLLC
103 E. Holly Street, Suite 512
Bellingham, WA 98225