UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SETH SNOOK, together with his marital community,<br><br>                    Plaintiff,<br><br>   v.<br><br>WHATCOM HUMANE SOCIETY, et al.,<br><br>                    Defendants. | CASE NO. C18-313 RSM<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS DEFAMATION CLAIMS AND GRANTING IN PART PLAINTIFF'S MOTION FOR LEAVE TO AMEND |

## I.     INTRODUCTION

This matter comes before the Court on Defendants' Motion to Dismiss Defamation Claims, Dkt. #27, and Plaintiff Seth Snook's Motion for Leave to File Second Amended Complaint, Dkt. #31. For the reasons stated below, the Court GRANTS Defendants' Motion, dismisses Plaintiff's defamation claim, and GRANTS IN PART Plaintiff's Motion to Amend.

## II.     BACKGROUND[1]

Plaintiff Seth Snook operates a dairy farm in Whatcom County. Defendant Whatcom Humane Society is contracted by Defendant Whatcom County to handle animal control. Defendant Laura Clark is the Director of the Whatcom Humane Society, and Defendant Rebecca Crowley is an employee.

---

[1] The following background facts are taken from Plaintiff's Amended Complaint, Dkt. #3, and accepted as true for purposes of ruling on Defendant's Rule 12(b)(6) Motion to Dismiss. The Court has focused on facts related to the defamation claim at issue.

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS DEFAMATION CLAIMS
AND GRANTING IN PART PLAINTIFF'S MOTION FOR LEAVE TO AMEND - 1

During June of 2017, Whatcom Humane Society employees entered Mr. Snook's property without consent and removed livestock. During July of 2017, allegedly false statements from Whatcom Humane Society about Mr. Snook were published in the Bellingham Herald newspaper, as well as other news sources. These statements caused injury to Mr. Snook's reputation in the community.

From these limited facts, Mr. Snook alleges, *inter alia*, that Defendants Laura Clark and Whatcom Humane Society are liable for defamation.

Plaintiff Snook filed his First Amended Complaint on March 2, 2018. Dkt. #3. This Complaint has one cause of action for defamation, which states "[b]y doing the acts described above, Defendant Laura Clark and Whatcom Humane Society made a false statement of fact, of or concerning the Plaintiff, which was published to 3rd persons, and caused a reputational injury to the Plaintiff." *Id.* at 4. Defendants moved to dismiss Snook's defamation claim on May 7, 2018. Dkt. #27. On May 21, 2018, before the noting date, Snook moved for leave to file a Second Amended Complaint, adding a party and claims, but also attempting to correct issues with his defamation claim. Dkt. #31. With regard to defamation, Plaintiff's proposed amendments are to retitle his "Defamation" claim "Defamation under RCW Chapter 7.96," and to add a claim for defamation that cites to 42 U.S.C. § 1983. Dkt. #31-1 at 4. The Court will address the Motion for Leave first.

### III. DISCUSSION

**A. Motion for Leave to Amend**

    **1. Legal Standard**

A "court should freely give leave [to amend] when justice so requires," Fed. R. Civ. P. 15(a)(2). Courts apply this policy with "extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). Five factors are commonly used to assess the

propriety of granting leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether plaintiff has previously amended the complaint. *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990); *Foman v. Davis*, 371 U.S. 178, 182 (1962). In conducting this five-factor analysis, the court must grant all inferences in favor of allowing amendment. *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999). In addition, the court must be mindful of the fact that, for each of these factors, the party opposing amendment has the burden of showing that amendment is not warranted. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987); *see also Richardson v. United States*, 841 F.2d 993, 999 (9th Cir. 1988).

**2. Analysis**

Defendants object to Plaintiff Snook's Motion for Leave to File Second Amended Complaint only to the extent that it adds or modifies causes of action for defamation. Dkt. #32 at 1. Defendants argue that Plaintiff's First Amended Complaint ignores statutory prerequisites to the filing of a defamation claim in Washington, as described in RCW 7.96. *See id.* at 5–6. That statute states that a person may maintain an action for defamation "only if the person has made a timely and adequate request for correction or clarification from the defendant or the defendant has made a correction or clarification." RCW 7.96.040(1). Such a request is "adequate" if, *inter alia*, it "[s]pecifies with particularity the statement alleged to be false and defamatory or otherwise actionable and, to the extent known, the time and place of publication; [a]lleges the defamatory meaning of the statement; [and] [s]pecifies the circumstances giving rise to any defamatory meaning of the statement which arises from other than the express language of the publication…" RCW 7.96.040(3). This is the subject of the pending Motion to Dismiss, discussed below. Defendants argue that the proposed Second Amended Complaint continues to not address these statutory prerequisites, and therefore amendment is futile.

Defendants further argue that Plaintiff Snook's attempt to add a § 1983 "stigma plus" defamation claim is futile. *Id.* at 6–8. Defendants point to case law establishing that a § 1983 claim for defamation can only proceed if plaintiff can allege "loss of a recognizable property or liberty interest in conjunction with the allegation of injury to reputation." *Id.* (citing *American Consumer Pub. Ass'n, Inc. v. Margosian*, 349 F.3d 1122, 1125-26 (9th Cir. 2003) (quoting *Cooper v. Dupnik*, 924 F.2d 1520, 1532 (9th Cir. 1991), *rev'd on other grounds*, 963 F.2d 1220, 1235 n.6 (9th Cir. 1992) (en banc)). Damage to reputation alone is not actionable under § 1983. *Hart v. Parks*, 450 F.3d 1059, 1069 (9th Cir. 2006). Defendants do not challenge the other proposed amendments at this time.

Plaintiff Snook has failed to file a Reply brief addressing any of these arguments. Snook does argue in other briefing that his "summons and complaint if brought within the statute of limitations is considered sufficient notice" under RCW 7.96.040. Dkt. #34 at 6.

Defendants reply in other briefing that Snook's summons and complaint still fail to contain the "adequate" details required by RCW 7.96.040(3).

The Court agrees with Defendants that the proposed amendments related to defamation, causes of action V and VI, are futile for the reasons stated by Defendants. Plaintiff Snook continues to ignore the requirements of RCW 7.96 with his amendments, and fails to plead with sufficient factual loss of a recognizable property or liberty interest. The defamation claims would also fail the *Twombly/Iqbal* test below. However, the rest of Mr. Snook's proposed amendments are fine, and he will be granted leave to make those changes.

B. **Motion to Dismiss**

   1. **Legal Standard**

In making a 12(b)(6) assessment, the court accepts all facts alleged in the complaint as true, and makes all inferences in the light most favorable to the non-moving party. *Baker v.*

*Riverside County Office of Educ.*, 584 F.3d 821, 824 (9th Cir. 2009) (internal citations omitted). However, the court is not required to accept as true a "legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. at 678. This requirement is met when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The complaint need not include detailed allegations, but it must have "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Absent facial plausibility, a plaintiff's claims must be dismissed. *Id*. at 570.

## 2. Analysis

Defendants move to dismiss only Plaintiff Snook's defamation claim, essentially for the reasons stated above. Dkt. #27. Mr. Snook argues that Defendants' Motion inappropriately includes material from outside the pleadings. Dkt. #34 at 1. He states in briefing that Defendant Clark defamed him during June and July of 2017 through multiple false statements made via telephone and email to a Bellingham Herald reporter. *Id*. at 2–3. Mr. Snook goes into significant detail about these statements and why they were defamatory. *Id.* at 3 (*e.g.*, "Clark's statements were specifically designed to imply that Seth Snook was guilty of committing animal abuse, even calling Mr. Snook's cattle 'victims'"). Mr. Snook cites to a declaration.

The Court need not consider outside evidence for this Motion. To prove defamation, a plaintiff must eventually show four essential elements: falsity, an unprivileged communication, fault, and damages. *Mark v. Seattle Times*, 96 Wash. 2d 473, 486, 635 P.2d 1081, 1088 (1981). Mr. Snook's defamation claim fails to contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. The First Amended Complaint leaves Defendants

in the dark as to what exactly they are being accused of, *e.g.* by failing to state what false statements were made, when, or by whom, and otherwise failing the requirements of RCW 7.96. The defamation cause of action pleads only a formulaic recitation of the elements in a conclusory manner. Mr. Snook cannot simply include missing factual details in briefing. Accordingly, this claim will be dismissed under Rule 12(b)(6). Leave to amend will not be granted given the Court's futility ruling above.

## IV. CONCLUSION

Having reviewed the relevant pleadings, briefing, and the remainder of the record, the Court hereby finds and ORDERS:

1) Defendants' Motion to Dismiss, Dkt. #27, is GRANTED. Plaintiff's defamation claim, Claim V, is DISMISSED.

2) Plaintiff's Motion for Leave to File Second Amended Complaint is GRANTED IN PART AND DENIED IN PART. Plaintiff is granted leave to file the proposed Complaint at Dkt. #31-1, **without Claims V and VI**, no later than **30 days** from the date of this Order. The Court directs Plaintiff to renumber his claims accordingly. Plaintiff may not otherwise modify or add to this proposed complaint.

DATED this 8 day of August, 2018.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE