UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SETH SNOOK and JENNIFER COURCHANE, husband and spouse and the marital community composed thereof,<br><br>Plaintiff,<br><br>vs.<br><br>WHATCOM HUMANE SOCIETY, a non-profit organization; LAURA A. CLARK, together her marital community, WHATCOM COUNTY, WASHINGTON, a government entity; REBECCA CROWLEY.<br><br>Defendants. | Case No.: 2:18-cv-00313<br><br>**SECOND AMENDED COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

## JURISDICTION

1. This Court has jurisdiction under 28 U.S.C. 1331. Federal question jurisdiction arises pursuant to 42 U.S.C. 1983.

## VENUE

2. Venue is proper pursuant to 28 U.S.C. 1391. All events or omissions giving rise to these claims occurred in the Western District of Washington.

## PARTIES

3. Plaintiffs Seth Snook and Jennifer Courchane are a married couple residing in Whatcom County, Washington.

4. Defendant Whatcom Humane Society is contracted by Whatcom County to handle animal control for Whatcom County and is located at 2172 Division Street, Bellingham, WA 98226.

5. Defendant Laura Clark is currently employed as the Director of the Whatcom Humane Society.

6. Defendant Rebecca Crowley is currently employed at Whatcom Humane Society.

7. Defendant Whatcom County is a government entity in the State of Washington.

## FACTS

8. Seth Snook was a third-generation dairy farmer in Whatcom County, in the State of Washington. He operated a farm for profit utilizing his dairy cows. He resided on the farm with his wife Jennifer Courchane during all relevant periods.

9. The Whatcom Humane Society's current director is Laura Clark. Ms. Clark has been the director since 2009. Ms. Clark does not have training or education in animal control. At no time has the County provided with her training on the duties or responsibilities of animal control officers, nor has she received any legal training to ensure that her organization stays compliant with the law.

10. The Whatcom Humane Society receives $773,057.44 every other year from Whatcom County in exchange for performance of animal control duties in unincorporated areas of Whatcom pursuant to a contract signed on December 19, 2016. Pursuant to this contract Defendant Whatcom County's Sherriff's Office, Prosecuting Attorney and County Executive have administrative authority to establish policies and procedures pertaining to (1) training of animal control officers regarding proper conduct and enforcement actions, (2) setting guidelines regarding legal and enforcement issues and (3) standards for the limited deputization of Whatcom Humane Society personnel.

11. Whatcom Humane Society employees acted without limited commissions from Whatcom County Sherriff's Office and without authorization from Whatcom County Superior Court to act as animal control officers during all time relevant periods.

12. Whatcom County either knew, or should have known that Whatcom Humane Society has been obtaining and executing warrants and seizing citizen's property without lawful authority to do so. At no time has Whatcom County provided training or education, or created policies or procedures for Whatcom Humane Society personnel regarding proper conduct or legal issues in execution of search warrants or seizure of evidence.

13. During June of 2017 Whatcom Humane Society employees enter Plaintiff's property without consent and remove Plaintiff's property, disturbing the land, without lawful authority to do so. Whatcom County was put on notice of this and took no corrective actions.

Butler Beschen Law PLLC
103 E. Holly Street, Suite 512
Bellingham, WA 98225

14. During July of 2017 Whatcom Humane Society failed to return all but 6 of the Snook cows to the Snook farm, causing the Plaintiff's a loss of profits.

15. During June and July of 2017 Laura Clark acting as an agent of Whatcom Humane Society made multiple false statements via telephone and email to a Bellingham Herald reporter.  Her statements were specifically designed to imply that Seth Snook was guilty of committing animal abuse, even calling Mr. Snook's cattle "victims." Further, during this time period false statements were made on behalf of Whatcom Humane Society that Seth Snook had starved his livestock to death, and that his cattle had a highly contagious disease. Further, Whatcom Humane Society made false statements that the Snook cattle taken by Whatcom Humane Society were euthanized because of their condition implying that the reason they were dead because of Mr. Snook's treatment and care of the cattle. These statements were published in articles by the Bellingham Herald in reliance of Laura Clark as an accurate source of information and spokesmen of Whatcom Humane Society, and were republished nationwide in articles by other news outlets. These published statements were so damaging to the Snook family reputation in the community that in the months following their publication, vendors refused to work with them, they had to remove their daughters from participating in the community 4H program, were kicked out of farming organizations, and move off the family farm into a rental home. Ms. Clark knew or should have known this to be a false statement. This statement caused injury to Plaintiff's reputation in the community which continued as additional articles were published in newspapers. It is alleged that additional defamatory statements were made via emails that were not provided to Plaintiff's in response to a public records request for emails.

16. In June 2017 Defendant Laura Clark and others employed by Whatcom Humane Society went to Mr. Snook's property and began digging up the property and removing items from the property. They entered buildings and took photos and videos. During this time no persons employed by Whatcom Humane Society had authorization to execute a warrant or seize items from Mr. Snook.

### CLAIM I
(Violation of Civil Rights: Unlawful Forfeiture of Property)

17. Plaintiffs restate and re-allege the allegations set forth in paragraphs 1-16 above as if fully set forth herein.

18. By doing the acts described above, Defendants caused and/or permitted the violation of Plaintiff's right to Due Process guaranteed by the Fourteenth Amendment, thereby entitling Plaintiff to recover damages pursuant to 42 U.S.C. 1983.

## CLAIM II
(Violation of Civil Rights: Unlawful Seizure of Property)

19. Plaintiffs restate and re-allege the allegations set forth in paragraphs 1-16 above as if fully set forth herein.

20. By doing the acts described above, Defendants caused and/or permitted the violation of Plaintiff's right against unlawful seizures of property guaranteed by the Fourth Amendment, thereby entitling Plaintiff to recover damages pursuant to 42 U.S.C. 1983.

## CLAIM III
(Theft of Livestock - RCW 4.24.320)

21. Plaintiffs restate and re-allege the allegations set forth in paragraphs 1-16 above as if fully set forth herein.

22. By doing the acts above, Defendants intentionally deprived Plaintiff of his cows by withholding a calf, without consent, in violation of RCW 9A.56.080 and RCW 4.24.320.

## CLAIM IV
(Conversion of Livestock)

23. Plaintiffs restate and re-allege the allegations set forth in paragraphs 1-16 above as if fully set forth herein.

24. By doing the acts above, Defendants interfered with Plaintiff's right to possession of his calf and that interference was substantial.

## CLAIM V
(Intentional Infliction of Emotional Distress - Outrage)

25. Plaintiffs restate and re-allege the allegations set forth in paragraphs 1-16 above as if fully set forth herein.

26. By doing the acts described above, Defendant committed extreme and outrageous conduct, which was done intentionally or with reckless disregard as to the consequences, and caused Plaintiffs severe emotional distress, and actual damages.

## CLAIM VI
(Intentional Interference with a Business Expectancy)

27. Plaintiffs restate and re-allege the allegations set forth in paragraphs 1-16 above as if fully set forth herein.

Butler Beschen Law PLLC
103 E. Holly Street, Suite 512
Bellingham, WA 98225

28. By doing the acts described above, Defendant prohibited Plaintiffs from earning a profit in their dairy operation business.

## CLAIM VII
(Intentional Infliction of Emotional Distress)

29. Plaintiffs restate and re-allege the allegations set forth in paragraphs 1-16 above as if fully set forth herein.

30. By doing the acts described above, Defendant caused permanent emotional damage.

## CLAIM VIII
(Negligent Interference with Business Relations)

31. Plaintiffs restate and re-allege the allegations set forth in paragraphs 1-16 above as if fully set forth herein.

32. By doing the acts above, Defendant's negligence damaged the business relationship and ongoing sales between Plaintiffs and others, causing economic harm to Plaintiffs.

## CLAIM IX
(Trespass to Land)

33. Plaintiffs restate and re-allege the allegations set forth in paragraphs 1-16 above as if fully set forth herein.

34. By doing the acts above, Defendants intended to and actually physically invaded Plaintiff's real property, interfering with Plaintiff's exclusive control of the land.

## CLAIM X
(Invasion of Right to Privacy)

35. Plaintiffs restate and re-allege the allegations set forth in paragraphs 1-16 above as if fully set forth herein.

36. By doing the acts above, Defendants acted in ways that would be objectionable to a reasonable person by: appropriating the Plaintiff's name to advance their own interests, intruded upon the Plaintiff's affairs, published facts about the Plaintiff in a false light, and made public disclosures about private facts about the Plaintiff.

Butler Beschen Law PLLC
103 E. Holly Street, Suite 512
Bellingham, WA 98225

## CLAIM XI
(Statutory Waste – RCW 4.24.630)

37. Plaintiffs restate and re-allege the allegations set forth in paragraphs 1-16 above as if fully set forth herein.

38. By doing the acts above, Defendants went onto the land of another and wrongfully removed property from the land, and injured personal property, on that land by intentionally and unreasonably committing the acts described above while knowing, or having reason to know, that each lacked authorization to so act.

## CLAIM XII
(Private Nuisance – RCW 7.48.150)

39. Plaintiffs restate and re-allege the allegations set forth in paragraphs 1-16 above as if fully set forth herein.

40. By doing the acts above, Defendants are liable to Plaintiffs for general damages sustained by virtue of their acts, which annoyed, injured, and endangered the comfort, repose, and safety of plaintiffs, rendering them insecure in their beings and essentially interfering in comfortable enjoyment of their real property.

## CLAIM XIII
(Violation of Washington State Constitution Article 1, Section 7)

41. Plaintiffs restate and re-allege the allegations set forth in paragraphs 1-16 above as if fully set forth herein.

42. By doing the acts above, with regards to the intrusions onto Plaintiff's property, Defendants disturbed Plaintiff's private affairs and intruded upon Plaintiff's home without lawful authority in violation of the Washington State Constitution.

## CLAIM XIV
(Negligent Training)

43. Plaintiffs restate and re-allege the allegations set forth in paragraphs 1-16 above as if fully set forth herein.

44. By doing the acts above, Defendants failed to provide proper training and/or protocols on handling of animals, and breach of that duty caused the Plaintiffs damages.

## CLAIM XV
### (Negligent Supervision of Whatcom Humane Society)

45. Plaintiffs restate and re-allege the allegations set forth in paragraphs 1-16 above as if fully set forth herein.

46. By doing the acts above, Defendants failed to supervise Whatcom Humane Society Personnel, and breach of that duty caused Plaintiffs to be denied possession of their animals.

## CLAIM XVI
### (Negligent Entrustment)

47. Plaintiffs restate and re-allege the allegations set forth in paragraphs 1-16 above as if fully set forth herein.

48. The County knew, or should have known, in the exercise of ordinary care, that the Whatcom Humane Society employees were not properly trained and should not have been entrusted with law enforcement or animal control duties and such entrustment is reckless, heedless, or incompetent.

## CLAIM XVII
### (Unfair & Deceptive Business Practices)

49. Plaintiffs restate and re-allege the allegations set forth in paragraphs 1-16 above as if fully set forth herein.

50. Unfair or deceptive business practices constitutes a violation of Washington Consumer Protection Act. Defendants conduct constitutes deceptive practices covered by the Washington Consumer Protection Act.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs requests this Court enter an order granting them the following relief *for post-bankruptcy petition claims or injuries*:

- For general damages in an amount to be proven at trial;
- Up to three times the actual damages resulting from loss of the calf;
- Lost earnings and loss of future earnings;
- Reputation damages;

- Current and future non-economic damages including, but not limited to, pain and suffering, inconvenience, loss of consortium, mental anguish, emotional distress, loss of enjoyment of life;

- Punitive damages under 42 U.S.C. sec. 1988;

- Prejudgment interest;

- Special legal damages related to the retaining of counsel to attempt to mitigate defamatory statements;

- For attorney's fees;

- For costs of the suit incurred herein;

- For such other and further relief, at law or in equity, to which Plaintiffs may be justly entitled.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby requests a jury trial on all issues raised in this complaint.

DATED this 13th day of August, 2018.

| | |
|---|---|
| */s/ Emily C. Beschen*    | */s/ Rajeev Majumdar*    |
| Emily C. Beschen, WSBA#43813 | Rajeev Majumdar, WSBA#39753 |
| Attorney for Plaintiffs | Attorney for Plaintiffs |

## **CERTIFICATE OF SERVICE**

I am over the age of 18; and not a party to this action. I am the assistant to Attorney Emily C. Beschen with Butler Beschen Law PLLC, whose address is 103 E. Holly Street, Suite 512, Bellingham, Washington, 98225.

I hereby certify that a true and complete copy of ***SECOND AMENDED COMPLAINT*** has been filed with the United States District Court via the ECF system which gives automatic notification to the following interested parties:

| | |
|---|---|
| Jill Smith | Wilhelm Dingler |
| Roy, Simmons, Smith and Parsons, PS | Bullivant Houser Bailey PC |
| 1223 Commercial Street | 1700 Seventh Ave. Suite 1810 |
| Bellingham, WA 98225 | Seattle, Washington 98101 |

Rajeev Majumdar
Law Offices of Roger Ellingson
289 H Street
Blaine, WA 98230

I declare under penalty under the laws of the State of Washington that the foregoing information is true and correct.

DATED this 13th day of August, 2018, at Bellingham, Washington.

 */s/ Samantha Kahabka*
Samantha Kahabka
Legal Assistant
Butler Beschen Law PLLC
103 E. Holly Street, Suite 512
Bellingham, WA 98225